# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS SCOTT CONKLIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 2:18-cv-01556 |
| v. ) | |
| ) | Judge Mark R. Hornak |
| RIVERS CASINO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

The Plaintiff has moved for leave to proceed *in forma pauperis*, [1], and has annexed a proposed Complaint, [1-1]. Based on the Court's examination of his application, leave to so proceed is granted, as such Plaintiff appears to be financially qualified for such status.

The Court is obligated to carefully review the allegations of the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. The Plaintiff's claims are against a local casino. He alleges subject matter jurisdiction pursuant to 28 U.S.C § 1331, "federal question" jurisdiction. His civil cover sheet makes reference to Title VIII, the ADA, and appears to refer to the provisions of 18 U.S.C. § 241. The gravamen of his assertions are that he has been barred from the casino, by the casino, for the Plaintiff's alleged assault of another person near the casino. There is no allegation that the casino is in any way, shape, or form a "state actor", or that the casino's actions could be fairly attributed to any state actor, or anyone purporting to act under state or federal law. There are no facts alleged that would indicate that the complained-of decision was made by anyone other than the casino Defendant. Thus, there is no basis to conclude that any act complained of arose out of any sort of governmental conduct, or that any such act deprived the Plaintiff of any rights secured by federal law. There is no basis to conclude that any claim of the Plaintiff arose under the Constitution or laws of the United States. Simply put, there is no basis to conclude that the

Complaint states a federal claim, or that this Court has subject matter jurisdiction of this case. Further, the Court's examination of the submitted Complaint does not reveal any basis to otherwise assert federal jurisdiction outside of 28 U.S.C. § 1331.

Therefore, the Motion at [1] is granted, but because this Court is without subject matter jurisdiction over the claims asserted by the Plaintiff, the Complaint will be dismissed without prejudice for want of federal jurisdiction. The Clerk shall mark the case closed on this Court's docket.

Mark R. Hornak
United States District Judge

cc: All counsel of record

Dated: November 20, 2018